UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOHN JERMAINE JACKSON,**

        Plaintiff,

    **-vs-**                                        **Case No. 13-C-553**

**HARLEY DAVIDSON, INC.,**
**GLOBAL COMMUNICATIONS, INC.**
**and COCA-COLA ENTERPRISES, INC.,**

        Defendants.

-------------------------------------------------------------

**JOHN JERMAINE JACKSON,**
**and LOYALTY J. INC.,**

        Plaintiffs,

    **-vs-**                                        **Case No. 13-C-566**

**MILWAUKEE JOURNAL,**
**and OFFICE MAX,**

        Defendants.

-------------------------------------------------------------

**JOHN JERMAINE JACKSON,**

        Plaintiff,

    **-vs-**                                        **Case No. 13-C-567**

**SOUTHWEST AIRLINES,**
**and AMERICAN AIRLINES, INC.,**

        Defendants.

-------------------------------------------------------------

**JOHN JERMAINE JACKSON,**
**and LOYALTY J. INC.,**

        Plaintiffs,

    **-vs-**                                                    **Case No. 13-C-620**

**FIRE AND POLICE COMMISSION,**
**and ADT SECURITY SERVICES, INC.,**

        Defendants.

------------------------------------------------------------

**JOHN JERMAINE JACKSON,**

        Plaintiff,

    **-vs-**                                                    **Case No. 13-C-627**

**WELLS FARGO,**

        Defendant.

------------------------------------------------------------

**JOHN JERMAINE JACKSON,**
**and LOYALTY J. INC.,**

        Plaintiffs,

    **-vs-**                                                    **Case No. 13-C-639**

**AURORA SINAI,**

        Defendant.

**DECISION AND ORDER**

The above captioned actions[1] are before the Court on the request of the pro se Plaintiff John Jermaine Jackson ("Jackson") to proceed *in forma pauperis* on his claims against each of the above named Defendants. Jackson seeks injunctive relief and monetary damages. In both the 567 and 639 action, he seeks $1 billion dollars in damages. Jackson also requests appointment of counsel in each action.

To authorize a litigant to proceed *in forma pauperis,* the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2). With respect to Jackson's ability to pay the filing fee, the information he has provided is not entirely consistent. However, those inconsistencies are not material.

He has two minor dependents, is a small business owner, and receives Social Security Supplemental Security Income ("SSI") benefits. In the 553 action, Jackson states that he pays monthly rent of $450 for an apartment, which he also claims to own and estimates is worth $450. His monthly income is $700 from SSI. He also claims that his monthly expenses total $700, and lists only apartment rent and $10 for support payments. However, Jackson has not listed any expenses for clothing, groceries, or medical care.

In the 566 action, Jackson lists his rent as $700. In the 567 action, Jackson lists his monthly expenses as $450 for rent, $200 for food, and $50 for bus fare. In the

---

[1] Each action is referred to by the numbers that follow the "C" in the case number.

627 action, Jackson states he pays monthly rent of $450, $20 for child support, $100 for food, $90 for bus fare, and $100 for an additional expense, which is illegible. In the 639 action, Jackson reports a total of $780 in monthly expenses, which includes $60 for a health care item. Based on the information provided, Jackson does not appear to have the ability to pay the $350 filing fee applicable to each of those actions for a person proceeding in *forma pauperis*.[2]

The next step in evaluating the Complaints is to determine whether each states arguable claims for relief on behalf of Jackson. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that

---

[2]At its September 2012 session, the Judicial Conference of the United States approved a new $50.00 general administrative fee for filing a civil action, suit, or proceeding in a District Court. As a result, the fee for filing a civil case increased from $350.00 to $400.00 effective May 1, 2013. The administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

- 4 -

Case 2:13-cv-00553-RTR   Filed 06/11/13   Page 4 of 7   Document 5

is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Liberally construed, Jackson's Complaints in the 553, 566, 567, 620 and 639 actions allege that each Defendant is selling or using for gain colors, names, or inks owned by him or his business, Loyalty J. Inc. ("Loyalty"), as of April 24, 2013, without written permission from Jackson or Loyalty. In the 553 action, Jackson claims that the Defendants are violating his intellectual property rights under Title 35 of the United States Code and Chapter 132 of the Wisconsin Statutes. The 566, 567, 620, 627 and 639 actions do not mention any state law claim. In the 627 action, Jackson claims that Wells Fargo has stocks that belong to him and is infringing on his copyrights.

Jackson's Complaints are primarily legal conclusions: each Defendant is

alleged to be selling or using some intellectual property that Jackson asserts he or his company owns.  The sole facts stated are that since April 24, 2013, Jackson or his company owns the unidentified intellectual property.  To the extent Loyalty is a corporation as suggested by its name, Loyalty must be represented by counsel.  *See* Civil Local Rule 83(e).  (E.D. Wis.).

Regardless of that issue, Jackson has failed to state a claim against any of the Defendants for violation of federal intellectual property rights.  To the extent Jackson's claim that Wells Fargo has his stocks could fall within the ambit of a federal securities violation, Jackson has also failed to allege sufficient facts to state a cause of action.  The actions are at best frivolous, and at worst malicious.  Therefore, they are dismissed with prejudice.  Jackson's motions for appointment of counsel are denied as moot.

Jackson is also cautioned that this Court has the authority to impose sanctions if he continues to file frivolous actions.  The courts within this judicial appellate circuit have the power to issue an injunction imposing pre-filing restrictions on a vexatious litigant. See, e.g., *McCready v. eBay, Inc.,* 453 F.3d 882, 892-93 (7th Cir. 2006) (ordering a vexatious pro se litigant to show cause why he should not be barred from filing papers in the federal courts of the Seventh Circuit for a period of at least two years); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (imposing a two-year prohibition of new filings in the federal courts of this Circuit on a vexatious litigant).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Jackson's motions to proceed *in forma pauperis* in each of the above captioned actions is **GRANTED**;

Each of those actions is **DISMISSED** for failure to state a claim and as frivolous;

Jackson's motions for appointment of counsel in each of the above captioned actions are **DENIED**; and

In each of the above captioned actions, the Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2013.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA
U.S. District Judge**